J-E03004-21

2022 PA Super 18

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
v.                          :
:
:
:
AKEEM KEVIN WASHINGTON          :
:
Appellant            :     No. 1655 MDA 2019

Appeal from the PCRA Order Entered September 11, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000962-2015

BEFORE:   PANELLA, P.J., BENDER, P.J.E., BOWES, J., OLSON, J., STABILE,
J., KUNSELMAN, J., NICHOLS, J., KING, J., and McCAFFERY, J.

DISSENTING OPINION BY OLSON, J.:          **FILED:  FEBRUARY 1, 2022**

I must respectfully dissent from the learned Majority's decision in this

case because, I believe, the Majority improperly relieved Appellant of his

burden to produce evidence that his aggravated assault conviction was not

admissible as impeachment evidence.

Appellant was convicted of three counts of criminal solicitation to

commit murder.  At the time of trial, Appellant had two prior convictions that

arose out of a single domestic abuse incident; the prior convictions were for

burglary and aggravated assault.  The main issue in this case is whether

Appellant's trial counsel was ineffective for advising Appellant not to testify at

trial.  Trial counsel reasoned that, if Appellant chose to testify, he would be

impeached with his prior conviction for aggravated assault.

We have explained:

"For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict, or by plea of guilty or nolo contendere, shall be admitted if it involved dishonesty or false statement." Pa.R.E. 609(a). Crimes involving dishonesty or false statement are commonly referred to as *crimen falsi* crimes. *Crimen falsi* involves the element of falsehood, and includes everything which has a tendency to injuriously affect the administration of justice by the introduction of falsehood and fraud.

When deciding whether a particular offense is *crimen falsi*, one must address both the elemental aspects of that offense **and** the conduct of the defendant which forms the basis of the anticipated impeachment. Accordingly, this Court employs a two-step procedure to determine whether a crime is *crimen falsi*. First, we examine the essential elements of the offense to determine if the crime is inherently *crimen falsi* – whether dishonesty or false statement are a necessary prerequisite to commission of the crime. Second, if the crime is not inherently *crimen falsi*, this Court then inspects the underlying facts that led to the conviction to determine if dishonesty or false statement facilitated the commission of the crime.

***Commonwealth v. Davis***, 17 A.3d 390, 395-396 (Pa. Super. 2011) (corrections and some quotations and citations omitted) (emphasis in original).

At trial, "[t]he burden . . . is upon the party offering the conviction during cross-examination" to prove that the conviction qualifies as *crimen falsi*. ***Id.*** at 396. However, in the case at bar, Appellant is seeking relief under the Post Conviction Relief Act ("PCRA"), based upon a claim that trial counsel was ineffective. As such, Appellant bears the "burden of demonstrating ineffectiveness." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010).

The Majority initially concludes that trial counsel was ineffective because counsel erroneously advised Appellant that, if Appellant testified at trial, the Commonwealth would impeach Appellant with his prior conviction for aggravated assault. According to the Majority, this advice was incorrect, unreasonable, and vitiated Appellant's decision not to testify on his own behalf at trial, as Appellant could not have been impeached with his aggravated assault conviction.

In analyzing Appellant's claim, the Majority initially (and properly) declares that aggravated assault is not inherently *crimen falsi*; thus, had Appellant testified at trial, his aggravated assault conviction would not have automatically been admissible as impeachment evidence. **See** Majority Opinion, at *16. Further, the Majority properly recites the second step of the admissibility test, declaring: "[i]f the crime is not inherently *crimen falsi*, this Court then inspects the underlying facts that led to the conviction to determine if dishonesty or false statement facilitated the commission of the crime." **See id.** at **15-16, *quoting*, **Davis**, 17 A.3d at 396. The Majority then declares that Appellant's ineffective assistance of counsel claim succeeds because "nothing in the record suggests, and the Commonwealth did not argue at the PCRA hearing, that dishonesty or false statement facilitated commission of Appellant's prior aggravated assault conviction." Majority Opinion, at *20. I believe this is where the Majority errs.

During the PCRA hearing, the Commonwealth did not have the burden of proving that "dishonesty or false statement facilitated commission of

Appellant's prior aggravated assault conviction." **See id.** Rather, Appellant, as the PCRA petitioner, bore the burden of proving that he was entitled to post-conviction collateral relief and, thus, Appellant bore the burden of proving that dishonesty or false statement **did not** facilitate his aggravated assault conviction.[1, 2]

Additionally, I see nothing in the record demonstrating that Appellant met his burden of production regarding the inadmissibility of the aggravated assault conviction. Specifically, the PCRA record contains no evidence regarding the circumstances of that conviction and at no time during the PCRA hearing did trial counsel, Appellant, or anyone else testify that the aggravated assault conviction was not accomplished by dishonesty or false statement. Further, during the PCRA hearing, trial counsel never admitted that he erred in giving his specific advice to Appellant; instead, regarding this issue, trial

---

[1] At trial, "[t]he burden . . . is upon the party offering the conviction during cross-examination" to prove that the conviction qualifies as *crimen falsi*. **Davis**, 17 A.3d at 396. Thus, at the PCRA stage, it is more accurate to state that Appellant has the burden of pleading and proving that the Commonwealth would not have been able to prove, at trial, that the aggravated assault conviction qualified as *crimen falsi*. For simplicity, however, we have declared that Appellant "bore the burden of proving that dishonesty or false statement did not facilitate his aggravated assault conviction." **See supra** at *4 (emphasis omitted).

[2] For example, in the domestic abuse situation that resulted in Appellant's aggravated assault conviction, Appellant may have lied to the victim to gain access to her and facilitate the aggravated assault. **See Davis**, 17 A.3d at 396 ("if the crime is not inherently *crimen falsi*, this Court then inspects the underlying facts that led to the conviction to determine if dishonesty or false statement facilitated the commission of the crime").

counsel merely responded to hypotheticals that were proffered by Appellant's

PCRA counsel.[3]  Moreover, the Commonwealth never stipulated or expressly

admitted[4] to the aggravated assault conviction being inadmissible as

_____

[3] During the PCRA hearing, trial counsel testified:

> Q: **Hypothetical**.  As an attorney who has been practicing as long as you were at the time, **if** that [advice were] incorrect, that the aggravated assault conviction would be put in front of the jury and that any details of that would be put in front of the jury, **if those two things were incorrect**, would your advice to [Appellant] have been different about him testifying or not testifying?
>
> . . .
>
> A: It's hard to armchair quarterback later, even from my own perspective, but I will say since my recollection of the conversation, the short answer would be, I think – I would say yes.  And if I can qualify that?
>
> Q: Of course.
>
> A: Simply because it's my reasoning, which I know it was because I told him and I remember telling his family was, I don't want them to hear about your violence.  I don't want them to hear about your violence.
>
> **If that was incorrect**, then there would have been no reason to advise him otherwise, specifically.  And he told me, no, I really want to get up there to explain to the jury how he got that.
>
> Does that answer your question?
>
> Q: Yes.

**See** N.T. PCRA Hearing, 4/10/19, at 65-66 (emphasis added).

[4] In the Commonwealth's brief on appeal, the Commonwealth acknowledges that "an aggravated assault conviction would not be admitted as a matter of
*(Footnote Continued Next Page)*

impeachment evidence and the PCRA court did not make any specific factual findings on this point. **See** PCRA Hearing, 4/10/19, at 1-134; Commonwealth's Answer to Petitioner's Brief in Support of Amended Post-Conviction Collateral Relief, 8/5/19, at 3-8; Commonwealth's Brief at 1-14; PCRA Court Opinion, 9/11/19, at 1-29.

Therefore, I would conclude that Appellant's ineffective assistance of counsel claim fails, as Appellant did not satisfy his burden of production to demonstrate that his underlying claim has arguable merit.

Within the Majority's opinion, the Majority alternatively claims that *vacatur* is necessary because:

> even if the underlying facts of the aggravated assault conviction would have made it a proper *crimen falsi* conviction for impeachment purposes, counsel's advice to Appellant not to testify to shield the jury from hearing about the **facts** of the aggravated assault conviction was improper in and of itself.

Majority Opinion, at *21 (emphasis in original).

---

course." Commonwealth's Brief at 11 (some capitalization omitted). This is a correct recitation of the law, as everyone agrees that aggravated assault is not inherently *crimen falsi* and, thus, is not automatically admissible as impeachment evidence. I note that the Commonwealth's brief does not discuss the second-step of the admissibility test: whether "the underlying facts that led to the conviction [reveal that] dishonesty or false statement facilitated the commission of the crime." **See Davis**, 17 A.3d at 396. Nevertheless, the Commonwealth is the appellee in this case and, as such, does "not bear the burden of issue preservation." **Heim v. MCARE Fund**, 23 A.3d 506, 511 (Pa. 2011); **see also See Commonwealth v. Moore**, 937 A.2d 1062, 1073 (Pa. 2007) ("an appellate court may affirm a valid judgment based on any reason appearing as of record, regardless of whether it is raised by the appellee").

With respect, Appellant's PCRA petition did not raise any claim that counsel was ineffective for advising him that "the **facts** of the aggravated assault conviction" would be admissible for impeachment purposes. Rather, at all times during the post-conviction collateral proceedings, Appellant simply claimed that trial counsel was ineffective for advising him not to testify because the Commonwealth would impeach Appellant with his prior conviction for aggravated assault. To be sure, Appellant's PCRA brief expressly declares:

> It is [] clear that [trial counsel's] advice that [Appellant] should not testify at trial was based upon an erroneous legal conclusion that [Appellant's] aggravated assault conviction was admissible at trial if [Appellant] testified. **The conviction was not for a crime of falsehood nor was it admissible for any other reason** (both of which were conceded by [trial counsel] and not rebutted by the Commonwealth). In fact, the Commonwealth in its[] cross-examination of [trial counsel] only attempted to imply that the conviction may have become admissible if [Appellant] had opened the door to it by testifying that he was not a violent person. Such an implication is a theory at best and in no way can serve as evidence that it would have been a basis for [Appellant] to not testify. [Trial counsel] in his testimony explicitly denied that this was even a consideration. Based upon the foregoing it is not possible for counsel's advice for [Appellant] to not testify to be advice that was reasonable and designed to effectuate [Appellant's] best interest.

Appellant's Brief in Support of PCRA Relief, 6/11/19, at 6 (emphasis added).

At no point during the PCRA proceedings did Appellant ever claim that counsel was ineffective for advising him that the jury would hear "the facts of the aggravated assault conviction." As such, I believe it is inappropriate for the Majority to grant Appellant relief on this unraised and unpreserved claim. *See*, *e.g.*, *Commonwealth v. Hairston*, 249 A.3d 1046, 1061-1062 (Pa.

2021) ("[c]ounsel is presumed to be effective, and the petitioner bears the burden of proving that counsel's assistance was ineffective by a preponderance of the evidence. To prevail on a claim of ineffective assistance of counsel, **the petitioner must plead and prove** the following three elements . . .") (citations omitted) (emphasis added).

Moreover, since I believe Appellant's remaining claims fail, I would affirm the PCRA court's order. I thus respectfully dissent.

Judge Bowes and Judge Stabile join this Dissenting Opinion.